UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CAR-FRESHNER CORPORATION and JULIUS SÄMANN LTD., <br><br> Plaintiffs <br><br> v. <br><br> TEXAS BEST C. STORES INC., ARA PETROLEUM INC., EXXON EZ INC., and JOHN DOE, <br><br> Defendants | Civil Action No. _____ |

**COMPLAINT**

Plaintiffs CAR-FRESHNER Corporation ("CFC") and Julius Sämann Ltd. ("JSL") bring this complaint for trademark infringement and counterfeiting, unfair competition, trademark dilution, copyright infringement, trafficking in counterfeit labels or packaging, and unjust enrichment.

### I. The Parties

1. Plaintiff CFC is a Delaware corporation with an address of 21205 Little Tree Drive, Watertown, New York 13601.

2. Plaintiff JSL is a Bermuda corporation with an address of Victoria Place, 31 Victoria Street, Hamilton HM10, Bermuda.

3. This complaint will use the term "Plaintiffs" to include CFC, JSL, and where applicable, their predecessors-in-interest to the relevant intellectual property.

1

4. Defendant Texas Best C. Stores Inc. ("C. Stores") is a Texas corporation with an address of 2220 Plainview Road, Midlothian, Texas 76065. On information and belief, C. Stores owns and operates a convenience store at that address under the assumed name "Texas Best Smokehouse #4."

5. Defendant ARA Petroleum Inc. ("ARA") is a Texas corporation with an address of 205 Benton Drive, Apartment 313, Allen, Texas 75013. On information and belief, ARA owns and operates a convenience store at 100 Harris Avenue, Red Oak, Texas 75154, under the assumed name "Tiger Mart (#16)."

6. Defendant Exxon EZ Inc. ("Exxon EZ") is a Texas corporation with an address of 10609 Greenbriar Lane, Rowlett, Texas 75089. On information and belief, Exxon EZ owns and operates a convenience store at 3300 S. Interstate Highway 35 E, Waxahachie, Texas 75165, under the assumed names "Tiger Mart 73" or "Jude Mart."

7. Defendant John Doe is an individual whose legal identity is currently unknown. On information and belief, John Doe is a Texas resident and drives a white van with Texas license plate KWM2084.

## II. Jurisdiction

8. This complaint brings claims under the Lanham Act as amended, 15 U.S.C. §§ 1051 *et seq.*, the Copyright Act as amended, 17 U.S.C. §§ 101 *et seq.*, and the civil anti-counterfeiting provisions in 18 U.S.C. § 2318(e). The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a).

9.  The Court has supplemental jurisdiction to hear the state-law claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy.

### III.  Facts

<u>Plaintiffs' World-Famous LITTLE TREES Air Fresheners</u>

10.  For more than 60 years, Plaintiffs have manufactured, marketed, advertised, distributed, and sold the world-famous LITTLE TREES brand of air-freshener products.

11.  The images below show one of Plaintiffs' LITTLE TREES air fresheners inside and outside its packaging:

 

12.  Julius Sämann, an entrepreneur and chemist, invented the first car air freshener in 1952, which he made in the arbitrary shape of a tree. Today, these tree-shaped air fresheners are sold under Plaintiffs' LITTLE TREES brand, and Sämann's work continues through Plaintiffs.

13.  For decades, Plaintiffs have invested significant time and money into the LITTLE TREES air fresheners.

14. Due to Plaintiffs' efforts, the LITTLE TREES air fresheners are well-known and widely recognized, with billions of units sold.

15. The LITTLE TREES air fresheners frequently appear on television, in movies, and in other forms of popular culture.

16. The LITTLE TREES air fresheners have received positive coverage from major media outlets. In 2012, for example, the *New York Times Magazine* noted the products' prevalence "the world over." In 2016, an article published on *Yahoo* called Plaintiffs' LITTLE TREES business "truly one of those great American success stories."

Plaintiffs' Marks and Registrations

17. For decades, Plaintiffs have used several marks in commerce in connection with the LITTLE TREES air fresheners (together, "Plaintiffs' Marks"). Plaintiffs' Marks include:

(a) the distinctive and abstract tree-shaped designs of Plaintiffs' LITTLE TREES air fresheners (together, the "Tree Design Marks");

(b) the marks LITTLE TREES and LITTLE TREE (together, the "LITTLE TREES Marks");

(c) the distinctive product packaging of the LITTLE TREES air fresheners, pictured below (together, the "LITTLE TREES Packaging"):

  

*LITTLE TREES Packaging (2005-2015)*    *LITTLE TREES Packaging (2015-2016)*    *LITTLE TREES Packaging (2016-Current)*

(d) the marks ROYAL PINE and BLACK ICE.

18. Plaintiffs began using the Tree Design Marks at least as early as 1952. They have continuously used the Tree Design Marks since then.

19. Plaintiffs began using certain LITTLE TREES Marks at least as early as 1957. They have continuously used the LITTLE TREES Marks since then.

20. Plaintiffs began using the LITTLE TREES Packaging at least as early as the respective dates shown in Paragraph 17(c) above. They have continuously used the LITTLE TREES Packaging since then.

21. Plaintiffs began using the ROYAL PINE mark at least as early as 1954. They have continuously used that mark since then.

22. Plaintiffs began using the BLACK ICE mark at least as early as 2004. They have continuously used that mark since then.

23. Over the years, Plaintiffs have used their Marks in various ways to identify themselves as the source of high-quality goods. For example, they have used the Marks on their physical products, on (or as) the product packaging, as the actual design of the products themselves (e.g., the Tree Design Marks), in advertising and promotional materials, and on their website.

5

24. Plaintiffs' use of their Marks includes use throughout the United States and throughout the State of Texas.

25. Plaintiffs' Marks are inherently distinctive of Plaintiffs and their products.

26. Because of Plaintiffs' longstanding use and promotion of their Marks, the Marks have earned widespread public recognition. Consumers recognize the Marks as exclusively associated with Plaintiffs and their products.

27. Plaintiffs own strong common law rights and significant consumer goodwill in their Marks.

28. In addition to these strong common law rights, Plaintiffs own the following registrations for the Marks with the U.S. Patent & Trademark Office (PTO):

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
|  | 0,719,498 | August 8, 1961 | Absorbent body impregnated with a perfumed air deodorant (Class 5) |
|  | 1,781,016 | July 13, 1993 | Air freshener[s] (Class 5) |

6

|  | 1,791,233 | September 7, 1993 | Air freshener[s] (Class 5) |
|---|---|---|---|
|  | 3,766,310 | March 30, 2010 | Air fresheners (Class 5); Pens and stickers (Class 16); Luggage tags (Class 18); Shirts and hats (Class 25) |
|  | 5,055,892 | October 4, 2016 | Air fragrancing preparations (Class 3)<br><br>Air deodorizing preparations (Class 5) |
| LITTLE TREE | 1,017,832 | August 12, 1975 | Absorbent bodies impregnated with a perfumed air deodorant (Class 5) |
| LITTLE TREES | 1,990,039 | July 30, 1996 | Air fresheners (Class 5) |
| ROYAL PINE | 1,990,038 | July 30, 1996 | Air fresheners (Class 5) |
| BLACK ICE | 3,126,834 | August 8, 2006 | Air fresheners (Class 5) |
| BLACK ICE | 4,221,968 | October 9, 2012 | Scented sprays for air, rooms, motor vehicles, and the like (Class 3) |
| BLACK ICE | 5,437,288 | April 3, 2018 | Air fragrancing preparations (Class 3) |

29.     All of the registrations listed above are live and valid. Also, all but the '892 and '288 registrations have obtained incontestable status under 15 U.S.C. § 1065. **Exhibit 1** contains copies of the PTO registration certificates.[1]

30.     JSL is the legal owner and registrant of Plaintiffs' Marks and the associated registrations. CFC is the exclusive licensee of Plaintiffs' Marks in the United States in connection with air fresheners. For simplicity, this complaint will refer to the Marks and associated registrations as belonging to "Plaintiffs."

Plaintiffs' Copyright Registrations

31.     Plaintiffs own several copyrighted works of visual art relating to their LITTLE TREES air fresheners.

32.     Relevant here, Plaintiffs own the following registrations with the U.S. Copyright Office for works of visual art:

| Title | Deposit Artwork (relevant excerpts) | Reg. No. | Reg. Date |
|---|---|---|---|
| Little Trees Bar One Rack Packaging [Black Ice] | | VA 1-739-626 | October 1, 2010 |

---

[1] For any registration certificates showing a registrant other than JSL, those registrations and the associated rights have since been assigned to JSL.

| Royal Pine Art | | VA 1-759-840 | January 10, 2011 |
|---|---|---|---|
| "Vanilla Pride" Tree | | VA 1-797-775 | October 5, 2011 |
| "Strawberry" Tree | | VA 1-797-776 | October 5, 2011 |
| 2017 Strawberry Art | | VA 2-092-265 | August 24, 2017 |

| Little Trees Rack Card Back 2014 | | VA 2-104-716 | August 24, 2017 |
|---|---|---|---|

33. All of the registrations listed above are live and valid. **Exhibit 2** contains copies of the registration certificates and full copies of the deposit artwork.

34. JSL is the legal owner and claimant of the copyrights listed above and the associated registrations. CFC is the exclusive licensee of those copyrights in the United States. For simplicity, this complaint will refer to the copyrights and associated registrations as belonging to "Plaintiffs."

<u>Defendants' Unlawful Counterfeit Products</u>

35. Defendants have been marketing, offering for sale, and selling counterfeit versions of Plaintiffs' LITTLE TREES air fresheners (together, the "Counterfeit Products").

36. Defendants C. Stores, ARA, and Exxon EZ—which each own and operate a retail convenience store in Texas—have been marketing, offering for sale, and selling the Counterfeit Products at their stores.

37. On information and belief, these three Defendants have purchased the Counterfeit Products from the fourth Defendant, John Doe.

10

38. On information and belief, John Doe sells the Counterfeit Products out of a white van with Texas license plate KWM2084. That license plate is currently registered to Xiang Bingxin, who may or may not be John Doe.

39. The Counterfeit Products are not manufactured, distributed, or sold by Plaintiffs. They are not licensed or otherwise authorized by Plaintiffs.

40. Defendant C. Stores has marketed, offered for sale, and sold at least the following Counterfeit Products:



41. Defendant ARA has marketed, offered for sale, and sold at least the following Counterfeit Products:



11

42. Defendant Exxon EZ has marketed, offered for sale, and sold at least the following Counterfeit Products:



43. Defendants' Counterfeit Products contain several uses of Plaintiffs' Marks, including uses of the Tree Design Marks, the LITTLE TREES Marks, the LITTLE TREES Packaging, ROYAL PINE, and BLACK ICE.

44. Plaintiffs have not authorized these uses of their Marks.

45. Defendants' Counterfeit Products also copy constituent original elements of Plaintiffs' copyrighted works of visual art.

46. Defendants do not have Plaintiffs' authorization to copy these works of visual art in whole or in part.

47. Defendants' unauthorized use of Plaintiffs' Marks is likely to cause confusion, to cause mistake, or to deceive customers and potential customers. Consumers and potential consumers are likely to believe that the Counterfeit Products originate from Plaintiffs or have some other association with Plaintiffs, when in fact they do not.

12

48. The likelihood of confusion is particularly high because the marks on the Counterfeit Products are identical with, or substantially indistinguishable from, Plaintiffs' Marks, and because the Counterfeit Products are the exact same type of goods as Plaintiffs' genuine goods.

49. Visually, the Counterfeit Products are practically indistinguishable from Plaintiffs' genuine goods. The images below show one example:

 

*Genuine ROYAL PINE Product (front and back)*  *Counterfeit ROYAL PINE Product (front and back)*

50. The likelihood of confusion is also particularly high because the Counterfeit Products travel in similar trade channels for purchase by the same or similar consumers as Plaintiffs' genuine products.

51. Illustrating this point, at least one of the three convenience-store Defendants also sells or has recently sold Plaintiffs' genuine LITTLE TREES air fresheners. In that instance, the Counterfeit Products are or were displayed on the

13

same shelf right next to Plaintiffs' genuine products—as shown in the photo below, which on information and belief was taken at Defendant ARA's store. The left-hand and middle products are Counterfeit Products, while the right-hand product is a genuine LITTLE TREES air freshener:



52. Defendants' unauthorized use of Plaintiffs' Marks tarnishes and blurs the distinctiveness of Plaintiffs' Marks, which are famous among the general consuming public of the United States and within the State of Texas.

53. Defendants' unauthorized use of Plaintiffs' Marks falsely designates the origin of Defendants' products and falsely represents facts about those products.

54. Defendants' unauthorized use of Plaintiffs' Marks effectively removes from Plaintiffs the ability to control the quality of the goods offered under Plaintiffs' Marks.

14

55.     Defendants' unauthorized use of Plaintiffs' Marks enables Defendants to trade off and receive the benefit of Plaintiffs' goodwill, built up through decades of investment and continuous use of Plaintiffs' Marks.

### IV.     Causes of Action

Count 1: Federal Infringement and Counterfeiting of Registered Marks
*(15 U.S.C. §§ 1114, 1116(d) & 1117(b)-(c))*

56.     Plaintiffs incorporate and re-assert the paragraphs above.

57.     Plaintiffs own live federal registrations for many of Plaintiffs' Marks. Plaintiffs have priority in those Marks.

58.     Defendants' unauthorized use of Plaintiffs' Marks is likely to cause confusion, to cause mistake, or to deceive.

59.     Defendants have thus infringed Plaintiffs' registered trademark rights in violation of 15 U.S.C. § 1114.

60.     In addition, because Defendants' infringement involves the use of counterfeit marks—i.e., spurious marks identical with, or substantially indistinguishable from, Plaintiffs' registered Marks—Defendants are liable for the enhanced anti-counterfeiting remedies provided by 15 U.S.C. §§ 1116(d) and 1117(b)-(c).

Count 2: Federal Infringement of Unregistered Marks
*(15 U.S.C. § 1125(a))*

61.     Plaintiffs incorporate and re-assert the paragraphs above.

62.     Plaintiffs own protectable federal rights in Plaintiffs' Marks. Plaintiffs have priority in those Marks.

63. Defendants' unauthorized use of Plaintiffs' Marks is likely to cause confusion, to cause mistake, or to deceive.

64. Defendants have thus infringed Plaintiffs' trademark rights in violation of 15 U.S.C. § 1125(a).

### Count 3: Federal Trademark Dilution
*(15 U.S.C. § 1125(c))*

65. Plaintiffs incorporate and re-assert the paragraphs above.

66. Plaintiffs' Marks are distinctive and famous among the general consuming public of the United States.

67. Plaintiffs' Marks became famous long before Defendants began their unauthorized use of the Marks.

68. Defendants' unauthorized use of Plaintiffs' Marks is likely to dilute their distinctiveness.

69. Defendants are thus liable for trademark dilution in violation of 15 U.S.C. § 1125(c).

### Count 4: Copyright Infringement
*(17 U.S.C. § 501)*

70. Plaintiffs incorporate and re-assert the paragraphs above.

71. Plaintiffs own valid, registered copyrights for works of visual art.

72. Defendants' Counterfeit Products copy original constituent elements of Plaintiffs' copyrighted works, without Plaintiffs' authorization.

73. Defendants have thus infringed Plaintiffs' copyrights in violation of 17 U.S.C. § 501.

### Count 5: Trafficking in Counterfeit Labels or Packaging
*(18 U.S.C. § 2318(e))*

74. Plaintiffs incorporate and re-assert the paragraphs above.

75. Plaintiffs own valid, registered copyrights for works of visual art.

76. By marketing, offering to sell, and selling the Counterfeit Products, Defendants are knowingly trafficking in counterfeit labels affixed to, enclosing, or accompanying Plaintiffs copyrighted works of visual art.

77. By marketing, offering to sell, and selling the Counterfeit Products, Defendants are knowingly trafficking in counterfeit copyrighted packaging.

78. Defendants are thus liable for the civil anti-counterfeiting remedies provided by 18 U.S.C. § 2318(e).

### Count 6: Texas Common Law Trademark Infringement and Unfair Competition

79. Plaintiffs incorporate and re-assert the paragraphs above.

80. Plaintiffs own protectable common law rights in Plaintiffs' Marks. Plaintiffs have priority in those Marks.

81. Defendants' unauthorized use of Plaintiffs' Marks is likely to cause confusion, to cause mistake, or to deceive.

82. Defendants have thus infringed Plaintiffs' trademark rights and committed unfair competition under Texas common law.

### Count 7: Texas Trademark Dilution
*(Tex. Bus. & Com. Code § 16.103)*

83. Plaintiffs incorporate and re-assert the paragraphs above.

84. Plaintiffs' Marks are distinctive and famous within the State of Texas.

85. Plaintiffs' Marks became famous within the State of Texas long before Defendants began their unauthorized use of the marks.

86. Defendants' unauthorized use of Plaintiffs' Marks is likely to dilute the distinctiveness of those marks within the State of Texas.

87. Defendants are thus liable for trademark dilution in violation of Texas Business and Commerce Code section 16.103.

### Count 8: Texas Common Law Unjust Enrichment

88. Plaintiffs incorporate and re-assert the paragraphs above.

89. Defendants' use of Plaintiffs' Marks has unjustly enriched Defendants at the expense of Plaintiffs.

90. By using Plaintiffs' Marks without authorization, Defendants have obtained a benefit to which they are not entitled.

91. Defendants are thus liable for unjust enrichment under Texas common law.

### V.    Willfulness of Defendants' Violations

92. For each cause of action above, Defendants' violations are and have been willful.

93. Defendants have been marketing, offering to sell, and selling the Counterfeit Products with full knowledge of Plaintiffs and their rights.

94. Defendants have been marketing, offering to sell, and selling the Counterfeit Products knowing that they are counterfeits.

## VI. Injunctive Relief

95. Plaintiffs have been and will continue to be irreparably harmed by Defendants' unlawful actions described above.

96. Plaintiffs are entitled to monetary relief, including but not limited to Defendants' profits.

97. However, monetary relief cannot fully compensate Plaintiffs for the harm they have suffered and continue to suffer. Plaintiffs are entitled to injunctive relief to remedy this ongoing and irreparable harm.

## VII. Prayer

Plaintiffs ask the Court to:

A. enter judgment for Plaintiffs on all of their causes of action;

B. preliminarily and permanently enjoin Defendants—including their officers, directors, managers, owners, agents, servants, employees, successors, assigns, affiliates, subsidiaries, parents, related companies, attorneys, and all other persons acting in concert with them—from (1) all use of the Counterfeit Products; (2) all use of any other products containing any of Plaintiffs' Marks or copyrighted works, except for Plaintiffs' genuine products; and (3) any other acts that violate Plaintiffs' trademarks or copyrights;

C. order the seizure and destruction of all Counterfeit Products—and any other products containing any of Plaintiffs' Marks or copyrighted works, except for Plaintiffs' genuine products—under 15 U.S.C. §§ 1116(d) & 1118, 17 U.S.C. § 503, 18 U.S.C. § 2318(e)(2), and applicable Texas law;

D. award Plaintiffs all monetary remedies to which they are entitled, including but not limited to all profits realized by Defendants (trebled and adjusted upward as the Court deems just) under 15 U.S.C. § 1117(a)-(b), 17 U.S.C. § 504(b), 18 U.S.C. § 2318(e)(3), and applicable Texas law;

E. award Plaintiffs, if elected, statutory damages under 15 U.S.C. § 1117(c), 17 U.S.C. § 504(c), and 18 U.S.C. § 2318(e)(4);

    F.    award Plaintiffs their costs and reasonable attorney's fees under 15 U.S.C. § 1117(a)-(b), 17 U.S.C. § 505, 28 U.S.C. § 2318(e)(2)(C)(i), and applicable Texas law; and

    G.    award all other relief the Court deems just and proper.

DATED: July 25, 2019        Respectfully submitted,

/s/ *Travis R. Wimberly*
Louis T. Pirkey
State Bar No. 16033000
Travis R. Wimberly
State Bar No. 24075292
Elizabeth Stafki
State Bar No. 24086835
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX 78702
(512) 322-5200
(512) 322-5201 (fax)
lpirkey@pirkeybarber.com
twimberly@pirkeybarber.com
estafki@pirkeybarber.com

*Counsel for Plaintiffs*